UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE:

CASE NO.: 26-72114

JULIAN ANTONOVICI,

**CHAPTER 13 PLAN**

Effective 6/01/2026

DEBTOR(S)
---------------------------------------------------------------X

☒ Check this box if this is an amended plan. List below the sections of the plan which have been changed: 3.1, 3.2, 4.4

## PART 1: NOTICES

**Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district. Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable. If you do not have an attorney, you may wish to consult one.
**Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim to be paid under any plan.
**General:** Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.

**1.1:** ***The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," or if both or neither box is checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| c. | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |

**1.2:** The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3. | ☐ Included | ☒ Not included |
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim. | ☐ Included | ☒ Not included |

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**2.1: The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of months as follows:**

| Payment Amount | Commencing (Month and Year) | Ending (Month and Year) | Number of Months |
|---|---|---|---|
| $2,000.00 | June, 2026 | May, 2031 | 60 |
| | | | |
| | | | |

**2.2: Income tax refunds.**
If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year 2025, no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3 Irregular Payments.**

A. *Check one.*

☒None. If "None" is checked, the rest of §2.3 need not be completed and may be omitted.

☐Debtor(s) will make irregular payment(s) to the Trustee from other sources, as specified below:

| Source | Estimated | Date of Payment (Anticipated) |
|---|---|---|
| | | |
| | | |

B. In the event the Debtor(s) are required to make additional monetary contributions to meet their obligations under the confirmed plan, prior to the expiration of the Plan, the Debtor(s) shall be permitted to remit up to $2,500.00 to the Trustee as an additional payment to cure this defect without leave of the Court.

## PART 3: TREATMENT OF SECURED CLAIMS

**3.1: Maintenance of payments (including the debtor(s)'s principal residence).**
*Check one.*

☐None. If "None" is checked, the rest of §3.1 need not be completed and may be omitted.

☒Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (including escrow) |
|---|---|---|---|---|
| Shellpoint Mortgage Servicing / NewRez, LLC | 6058 | ☒ | 46 Red Spring Lane, Glen Cove, NY 11542 | $5,249.91 |
| | | ☐ | | |
| | | ☐ | | |

**3.2: Cure of default (including the debtor(s)'s principal residence).**

*Check one.*

☐ None. If "None" is checked, the rest of §3.2 need not be completed and may be omitted.

☒ Any existing arrearage on a listed claim will be paid in full through disbursements by the Trustee. Interest will not be paid on the claims listed below unless otherwise ordered by the Court or referenced in Part 8 Nonstandard Plan Provisions below.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount of Arrearage |
|---|---|---|---|---|
| Shellpoint Mortgage Servicing / NewRez, LLC | 6058 | ☒ | 46 Red Spring Lane, Glen Cove, NY 11542 | $834.11 |
| | | ☐ | | |
| | | ☐ | | |

**3.3: Modification of a mortgage secured by the debtor(s)'s principal residence.**

*Check one.*

☒ None. If "None" is checked, the rest of §3.3 need not be completed and may be omitted.

☐ The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.

☐ If applicable, the debtor(s) will be requesting loss mitigation pursuant to Administrative Order #744.

- **A.** This plan may be confirmed while the debtor is engaged in negotiations to modify a loan secured by a mortgage on the debtor's principal residence. Confirmation of the plan does not: (a) prohibit ongoing negotiations to modify the loan and mortgage; (b) affect the rights of the secured creditor engaged in the modification negotiations; or (c) affect the contractual amounts due as reflected in the secured creditor's proof of claim.
- **B.** The debtor shall file status letters every 30 days from the date of the modification application until the loan and mortgage are modified or the loss mitigation or similar process is concluded.
- **C.** Subject to the availability of funds, the Trustee shall make monthly payments to the secured creditor in the "Estimated Mortgage Payment" amount at the address in the secured creditor's proof of claim, unless the Court directs delivery to a different address.
- **D.** Contemporaneous with the commencement of a trial or permanent modification, whichever comes first, the debtor shall (i) move to amend the Chapter 13 Plan pursuant to 11 U.S.C. §1329, and (ii) amend Schedule J to reflect the payments under the modification agreement, including any direct payments to the secured creditor referenced in paragraph 3.1 above.
- **E.** If a modification agreement is not reached within six months of entry of the Confirmation Order (the "Initial Period"), then within 30 days after the Initial Period, the Trustee, debtor, and secured creditor may agree to

extend the Initial Period for up to two additional three-month periods (the "Extension Periods"). The debtor shall file promptly a letter memorializing each extension of the Initial Period. The debtor may move to extend the Initial Period without the agreement of the Trustee or secured creditor or beyond the Extension Periods. The Trustee and the secured creditor may object to the motion. The motion may be granted only upon the debtor's demonstration of good faith.

**F.** Upon expiration of the Initial Period, Extension Periods, or other extension, if no modification agreement has been reached, the debtor shall file a motion under 11 U.S.C. §1329 to modify the Chapter 13 Plan or under 11 U.S.C. § 1307 to convert or dismiss this case. If no such motion is made, the Trustee may file a motion to dismiss the case.

**G.** If a modification agreement is not reached, payments made by the Trustee through the confirmed plan shall be applied by the secured creditor to the loan, without prejudice to the debtor's or secured creditor's rights under bankruptcy and/or non-bankruptcy law.

*Complete table below.*

| Name of Creditor | Property Address | Last 4 Digits of Account Number | Estimated Mortgage Payment To Be Paid By Trustee* |
|---|---|---|---|
| | | | |
| | | | |

* The Debtor anticipates the new principal balance, including capitalized arrears will be $________, and will be paid at 4% interest amortized over 40 years with an estimated monthly payment of $_________ (include this amount in the table above) including interest and escrow.

### 3.4: Request for valuation of security, modification of under-secured claims, and lien avoidance.

The holder of any claim listed below will retain the lien on the property interest of the Debtor or the estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law; or (b) discharge of the underlying debt under 11 U.S.C. §1328.

*Check one.*

☒ None. If "None" is checked, the rest of §3.4 need not be completed and may be omitted.

***The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.***

☐ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral | Secured Portion of Claim to be Paid through Plan, if any | Interest, if any, to be paid |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

### 3.5: Secured claims on real or personal property to be paid in full through disbursements by the Trustee including claims described in the final paragraph of 11 U.S.C. §1325(a).

The holder of any claim listed below will retain the lien on the property interest of the Debtor or the estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law; or (b) discharge of the

underlying debt under 11 U.S.C. §1328.

☒None. If "None" is checked, the rest of §3.5 need not be completed and may be omitted.

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral | Amount of Claim | Interest Rate | Principal Residence | §1325(a) Final Paragraph Claims* |
|---|---|---|---|---|---|---|
| | | | | | ☐ | ☐ |
| | | | | | ☐ | ☐ |
| | | | | | ☐ | ☐ |

*This box must be checked if the claim is as described in the final paragraph of 11 U.S.C. §1325(a) as either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

**3.6: Surrender of collateral.**

*Check one.*

☒None. If "None" is checked, the rest of §3.6 need not be completed and may be omitted.

☐ Debtor(s) surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted for all purposes as to the collateral to be surrendered. The Secured Creditor shall not receive payment under the Plan unless a deficiency claim is filed. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral |
|---|---|---|
| | | |
| | | |

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1: General.**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2: Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3: Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is $3,000.00.

**4.4: Priority claims other than attorney's fees and those treated in §4.5.**

*Check One.*

☐None. If "None" is checked, the rest of §4.4 need not be completed and may be omitted.

☒ The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Amount of Arrears |
|---|---|

| | |
|---|---|
| IRS | $9,170.00 |
| NYS | $9,221.86 |

**4.5: Domestic support obligations.**

*Check One.*

☒None. If "None" is checked, the rest of §4.5 need not be completed and may be omitted.

☐ Debtor(s) has a domestic support obligation and is current with this obligation and will remain current on this obligation.

☐ Debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Amount of Arrears |
|---|---|
| | |
| | |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐ Not less than the sum of $________.

☒ Not less than 10% of the total amount of these claims.

☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

**If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒None. If "None" is checked, the rest of §6.1 need not be completed and may be omitted.

☐ Assumed items. Current installment payments will be paid directly by the debtor(s) as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the Trustee.

| Name of Creditor | Description of Property | Current Installment Payment by Debtor(s) | Arrears as of Petition Date |
|---|---|---|---|
| | | | |
| | | | |

## PART 7: MISCELLANEOUS

**7.1:** Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

**7.2:** Post-petition payments including but not limited to mortgage payments, vehicle payments, real estate taxes, income taxes, and domestic support obligations are to be made directly by the Debtor(s) unless otherwise provided for in the plan.

**7.3:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 8: NONSTANDARD PLAN PROVISIONS

**Check "None" or list nonstandard plan provisions.**

☒None. If "None" is checked, the rest of §8 need not be completed and may be omitted.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).**

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

## PART 9: CERTIFICATION AND SIGNATURE(S):

I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

_______________________
Signature of Debtor 1

Dated: 11-6-26

_______________________
Signature of Debtor 2

Dated: ______________

_______________________
Signature of Attorney for Debtor(s)

Dated: 11-6-26